UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | | |
|---|---|---|---|
| CHRISTOPHER ANDERSON, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No. | 0:20-2083-TLW |
| | ) | | |
| EVEREST RECEIVABLE SERVICES, INC., | ) | | |
| | ) | | |
| Defendant. | ) | | |

**PLAINTIFF'S COMPLAINT**

Plaintiff, CHRISTOPHER ANDERSON ("Plaintiff"), by and through his attorneys, Chauntel D. Bland, Esquire, alleges the following against Defendant, EVEREST RECEIVABLE SERVICES, INC., ("Defendant"):

**INTRODUCTION**

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq.

**JURISDICTION AND VENUE**

2. This court has jurisdiction under 28 U.S.C. §§ 1331, 1337, and 15 U.S.C. § 1692k.

3. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Venue and personal jurisdiction in this district are proper because Defendant does or transacts business within this district, and a material portion of the events at issue occurred in this District.

**PARTIES**

5.   Plaintiff is a natural person residing in the Town of Clover, York County, State of South Carolina.

6.   Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692a(3).

7.   Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. § 1692a(5).

8.   Defendant is a debt collector as that term is defined by 15 U.S.C. § 1692a(6).

9.   Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

10.  Defendant is a Delaware limited liability company and national debt collection agency based in the Town of Cheektowaga, Erie County, State of New York.

11.  Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

12.  The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

13.  Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

14.  During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile, as well as reporting alleged debts to credit reporting bureaus.

15.  Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

16.  Within one year prior to the filing of this action, Defendant engaged in debt collection

2

activities to collect money, property or their equivalent, due or owing or alleged to be due or owing from the Plaintiff, a natural person, by reason of a consumer credit transaction and/or "consumer debt."

17. Plaintiff's alleged debt owed arises from transactions for personal, family, and household purposes.

18. In or around April 2020, Defendant began placing collection calls to Plaintiff's cellular telephone at 704-516-6480 in an attempt to collect the alleged debt.

19. Defendant calls Plaintiff from several telephone numbers, including 980-217-2677, which is one of Defendant's telephone numbers.

20. Defendant also leaves voicemail messages for Plaintiff.

21. During the above-referenced voicemail messages:

    a.  Defendant's collectors failed to disclose that they were calling from Everest Receivable Services, Inc.;

    b.  Defendant's collectors failed to disclose that they were calling Plaintiff in an attempt to collect a debt; and

    c.  Defendant's collectors gave 716-427-0310 as the callback number, which is one of Defendant's telephone numbers.

22. On or about April 13, 2020, Plaintiff answered one of Defendant's collection calls.

23. During the above-referenced collection call, Plaintiff told Defendant to stop calling Plaintiff.

24. Despite Plaintiff telling Defendant to stop calling Plaintiff, Defendant continues to call Plaintiff unabated.

**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

25. Defendant violated the FDCPA.  Defendant's violations include, but are not limited to, the

following:

   a.  Defendant violated § 1692d of the FDCPA by engaging in conduct that the natural consequence of which was to harass, oppress, and abuse in connection with the collection of an alleged debt when Defendant's collectors failed to disclose that they were calling from Everest Receivable Services, Inc. when they left voicemail messages for Plaintiff;

   b.  Defendant further violated § 1692d of the FDCPA when Defendant continued to call Plaintiff after Plaintiff told Defendant to stop calling him;

   c.  Defendant violated § 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number when Defendant continued to call Plaintiff after Plaintiff told Defendant to stop calling him;

   d.  Defendant violated § 1692d(6) of the FDCPA by its placement of telephone calls without meaningful disclosure of the caller's identity when Defendant's collectors failed to disclose that they were calling from Everest Receivable Services, Inc. when they left voicemail messages for Plaintiff;

   e.  Defendant violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Defendant when Defendant's collectors failed to state that the communication was an attempt to collect a debt when leaving voicemail messages for Plaintiff;

   f.  Defendant violated § 1692e(10) of the FDCPA by using any false representation or deceptive means to collect or attempt to collect any debt when Defendant when Defendant's collectors failed to state that the communication was an attempt to

collect a debt when leaving voicemail messages for Plaintiff; and

g. Defendant violated § 1692e(11) of the FDCPA when Defendant's collectors failed to state that the communication was an attempt to collect a debt when leaving voicemail messages for Plaintiff.

WHEREFORE, Plaintiff, CHRISTOPHER ANDERSON, respectfully requests that judgment be entered against Defendant for the following:

26. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

27. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

28. Any other relief that this Honorable Court deems appropriate.

DATED:  June 02, 2020

Respectfully submitted,

By: /s/ Chauntel D. Bland
Chauntel D. Bland, Esquire
463 Regency Park Drive
Columbia, SC 29210
Tel: (803) 319-6262
Fax: (803) 322-6815
chauntel.bland@yahoo.com
Attorney for Plaintiff